**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

HEIDI IBRAHIM #A087-201-087

CIVIL ACTION NO. 3:26-CV-01520
SEC P

VERSUS

JUDGE TERRY A. DOUGHTY

WARDEN RICHWOOD
CORRECTIONAL CENTER ET AL

MAGISTRATE JUDGE DAVID J.
AYO

## <u>MEMORANDUM ORDER</u>

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner, Heidi Ibrahim ("Ibrahim"). ECF No. 5. Federal Respondents answered the Petition on June 8, 2026, pursuant to the Court's expedited briefing schedule. ECF Nos. 7, 10. Ibrahim is a native and citizen of Syria who entered the United States on November 12, 2007, as a nonimmigrant child of an alien, with authorization to remain in the United States until February 10, 2008. ECF No. 10-1 at 1. She remained without authorization. *Id.*

Ibrahim provides the following factual allegations, which the Government does not dispute:

- She has two young children, one of which was born during a complicated cesarian section on November 25, 2025. ECF No. 1 at 2; ECF No. 5 at 6.
- She was detained on February 2, 2026, when she appeared for a scheduled immigration appointment. ECF No. 5 at 4. Her infant was nine weeks old.
- She is a nursing mother, and detention has disrupted breastfeeding, causing severe emotional harm to herself and infant. ECF No. 1 at 2; ECF No. 5 at 6.
- Her infant is scheduled for a surgical procedure on June 10, 2026, to correct an anorectal malformation. ECF No. 5 at 6.

1

The Notice to Appear charged Ibrahim as a visa overstay under § 237(a)(1)(B) of the Immigration and Nationality Act.  ECF No. 10-1 at 1.  But on March 4, 2026, the immigration judge denied bond claiming that that Ibrahim was removable under § 237(a)(2)(A)(ii), a different provision of the INA.  ECF No. 10-2 at 1.

On April 26, 2026, an immigration judge found Ibrahaim removable as charged under § 237(a)(1)(B), not § 237(a)(2)(A)(ii).  ECF No. 10-3 at 3.  The immigration judge granted asylum and withholding of removal.  ECF No. *Id*.  The Government has appealed.

Nowhere in any immigration judge's orders is there any discussion of ICE Directive 11032.4, which provides: "Generally, ICE ***should not detain***, arrest, or take into custody for an administrative violation of the immigration laws individuals known to be pregnant, postpartum, ***or nursing*** unless release is prohibited by law or exceptional circumstances exist."[1]

Under the *Accardi* doctrine, agencies are bound to abide by their own regulations or internal procedures. *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007); *see also Accardi v. Shaugnessy*, 347 U.S. 260, 268 (1954).

Accordingly, **IT IS HEREBY ORDERED** that a Show Cause Hearing is set for **June 16, 2026, at 10:00 a.m.** in Monroe, Louisiana, at which Respondents shall appear and be prepared to show cause why Ibrahim's should not be released, or what

---

[1]https://www.ice.gov/doclib/detention/11032.4_IdentificationMonitoringPregnantPostpartumNursingIndividuals.pdf (emphasis added).

exceptional circumstances exist that prohibit her release pursuant to ICE Directive 11032.4.

**IT IS FURTHER ORDERED** that the Office of the Federal Public Defendant is appointed to represent Ibrahim at the hearing and in these proceedings.  The Clerk in instructed to provide a copy of this Order to the Federal Public Defender's Office.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to issue a Writ of Habeas Corpus Ad Testificandum for Petitioner's presence at the hearing on June 16, 2026, to be served on the Warden, Richwood Correctional Center, where Petitioner is detained.

In Chambers, at Monroe, Louisiana, on this 8th day of June, 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

.